FILED
United States Court of Appeals
Tenth Circuit

July 26, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MONIQUE M. JAMES, an individual,

     Plaintiff - Appellant,

v.

DEBORAH LEE JAMES, Honorable
Secretary of the Air Force,

     Defendant - Appellee.

No. 15-1403
(D.C. No. 1:13-CV-03481-MSK-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Monique James sued the Secretary of the Air Force under Title VII, alleging a

hostile work environment based on racial harassment, racial discrimination, and

retaliation. The district court granted summary judgment on all claims. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

The parties are familiar with the facts and procedural history in this case — the

district court detailed both, *see James v. James*, 129 F. Supp. 3d 1212, 1217–20

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(D. Colo. 2015) — so we discuss only the material necessary to understand the district court's decision. Ms. James, who is black, is a civilian employee of the United States Air Force assigned to the 21st Communications Squadron, 21st Space Wing, at Peterson Air Force Base. In January 2010, she was appointed the Freedom of Information Act (FOIA) and Privacy Act Manager. A privacy breach occurred in February 2011 and though the Air Force stipulated that notifications thereof were made in a timely manner, her supervisors believed she was partially at fault for delayed notice of the breach. Ms. James was reassigned to Privacy Act Assistant Manager in August 2011 because her supervisors believed she was busy and that reassigning some of her duties would avoid late notifications of breaches in the future. Her pay and benefits did not change. Ms. James was later reappointed as Privacy Act Manager in January 2012.

Prior to her reassignment, Ms. James took a vacation in July 2011 for which she submitted a leave request that was granted by a staffer acting in the absence of her actual supervisor. Before leaving town, she met with her supervisor to discuss her assignments. Though Ms. James told him she would be unable to complete an assignment, she did not mention that she would be going on vacation. Her supervisor drafted a "memorandum of counseling" describing her failure to bring up her vacation as unprofessional. After multiple rounds of revisions with human resources, Ms. James was eventually issued the memorandum in October 2011. Meanwhile, in September, she filed an informal EEO complaint charging racial discrimination based on her reassignment. She amended the complaint to add a retaliation claim after she

2

was issued the memorandum. Her final complaint contained only these two charges. The agency denied relief.

Ms. James filed this lawsuit in December 2013. After discovery, the Secretary moved for summary judgment. The court began its analysis with Ms. James' hostile work environment claim. It noted that a claim cannot proceed in federal court if the plaintiff has not exhausted the available administrative remedies, and described the EEO process the agency uses to finalize a formal complaint. Though Ms. James asserted that her hostile work environment claim was reasonably related to the two charges the agency considered, the court found that none of her allegations were based on racial animus, and thus could not be reasonably related to her racial discrimination charge. The court concluded that Ms. James failed to exhaust this claim.

Turning to Ms. James' racial discrimination claim, the court noted the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), and it identified the elements of a prima facie case of discrimination based on race. The court devoted the bulk of its analysis to whether Ms. James had suffered an adverse employment action, as she argued her reassignment was a demotion. It acknowledged that the reassignment might have offended Ms. James, "particularly when accompanied with micromanagement by her superiors," but held that "the reassignment was not a significant change in employment status or responsibilities." *James*, 129 F. Supp. 3d at 1226. The court

3

therefore determined that she had not met her burden to establish a prima facie case of discrimination.

Finally, the district court considered Ms. James' retaliation claim. It discussed the elements of retaliation, expressing doubt that the issuance of the memorandum of counseling was an adverse employment action, but nevertheless found that Ms. James established a prima facie case of retaliation. The court accepted the Secretary's nondiscriminatory reason for issuing the memorandum — that her supervisor believed her to be less than forthcoming about her vacation, which caused another employee to "pick up the high speed . . . without any prior information from Ms. James on how to accomplish the task that she had been assigned." *Id*. at 1228 (internal quotation marks omitted). Deciding the question of whether this explanation constituted a pretext for discrimination, the court noted Ms. James' evidence that her supervisor "did not like or respect" her but found that the bulk of the Secretary's explanation was unchallenged. *Id*. at 1229–30. The court also found there was insufficient evidence "to suggest that, had Ms. James not filed her EEO Complaint, the [memorandum] would have been scrapped rather than officially issued." *Id*. at 1230. Accordingly, it concluded that there was insufficient evidence to establish pretext.

On appeal, proceeding now without the assistance of counsel, Ms. James argues that the district court erred in its recitation of the facts. Specifically, she notes that (1) her temporary replacement as manager worked longer hours than she did, and (2) there were no policies or guidance in place governing how to inform leadership of

4

leave or vacations, and her supervisor later instructed everyone to notate leave on a group calendar or otherwise let him know. She also contends that alleged harassment, which relates to her hostile work environment claim, was overlooked by the district court's decision.

We review de novo the district court's grant of summary judgment, applying the same legal standard as the district court under Federal Rule of Civil Procedure 56(a). *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). In applying this standard, "we view the evidence . . . in the light most favorable to the nonmoving party." *Id*. (internal quotation marks omitted). Having undertaken a thorough review of the parties' briefs, the record, and the applicable law, we conclude that Ms. James has not shown any reversible error in this case. Accordingly, we affirm the judgment of the district court for substantially the same reasons stated in its published order granting the Secretary's motion for summary judgment.

Entered for the Court

Timothy M. Tymkovich
Chief Judge
